HENRY HERSCHBACH *et al.* Appellants, *vs.* THE KASKASKIA
ISLAND SANITARY AND LEVEE DISTRICT *et al.* Appellees.

*Opinion filed April 20, 1916.*

1. LACHES—*when claim of laches is not supported by the record.* A claim that the complainants in a bill to enjoin the collection of a drainage assessment are guilty of *laches* is not. supported where the record shows the bill for injunction was filed three days after the passage of the ordinance providing for the assessment.

2. STATUTES—*when signing petition is not a consent to provisions of statute enacted.* The signing of a petition to the legislature for the passage of an act to enable the use of a portion of the income from the proceeds of the sale of the commons of Kaskaskia to construct levees to protect the island from inundation and to provide for a levee district and the appointment of commissioners for that purpose does not amount to a consent to the provisions of a law ignoring the main purpose of the petition but authorizing the organization of a district and the appointment of commissioners to construct levees by special assessment upon the lands benefited.

APPEAL from the Circuit Court of Randolph county; the Hon. GEORGE A. CROW, Judge, presiding.

R. E. SPRIGG, and J. FRED GILSTER, for appellants.

EMERY ANDREWS, ARTHUR E. CRISLER, and RAYMOND G. REAL, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellants, who are owners of land situated on Kaskaskia island, in Randolph county, filed their bill for injunction in the circuit court of said county to restrain the Kaskaskia Island Sanitary and Levee District, and the commissioners and other officers thereof, from proceeding to enforce the collection of an assessment theretofore levied under an ordinance passed by said commissioners, known as ordinance No. 1, and from making any additional assessment against the complainants' lands. A demurrer interposed to the bill was sustained and the bill was dismissed

for want of equity. Upon appeal to this court by the complainants in the bill the judgment of the circuit court was reversed and the cause was remanded, with directions to overrule the demurrer. (*Herschbach* v. *Kaskaskia Island Sanitary and Levee District,* 265 Ill. 388.) As shown by the opinion filed in disposing of the former appeal, the Kaskaskia Island Sanitary and Levee District was organized by a special act of the legislature of this State which became operative July 1, 1913. (Laws of 1913, p. 278.) Section 12 of the act purported to authorize the commissioners to include in any special assessment levied by them, certain expenses incurred before the organization of the district, and said ordinance No. 1 levied an assessment for the purpose, among others, of paying such expenses. Upon the former appeal we held that the legislature exceeded its constitutional power in authorizing the levy of an assessment for expenses incurred prior to the incorporation of the district, and that ordinance No. 1 was therefore void.

The act is preceded by a preamble, which recites that "whereas, a majority of the legal voters of the island of Kaskaskia and a majority of the land owners owning the major portion of the land upon said island, have petitioned the General Assembly of Illinois to organize for them a sanitary and levee district comprising the lands of the said island; and, whereas, in order to provide adequate and effectual protection to the health and to promote the welfare of the inhabitants of the island of Kaskaskia and adequate and effectual protection to the lands, lots, and grounds of the said island from wash and overflow, and to protect the same against inundation, it is necessary that a sanitary and levee district be organized to embrace all the lands of the said island for the construction of drains, ditches, levees and other work for sanitary and agricultural purposes,"— this preamble being followed by the body of the act.

Section 3 of the act relates to the selection of commissioners for the district. It provides that the business of

the corporation shall be conducted by three commissioners, who shall be resident land owners residing upon Kaskaskia island, and who shall be appointed by the circuit court of Randolph county in term time, or by the judge thereof in vacation, by an order signed by the judge of said court, or if in vacation, by the judge thereof who presided at the preceding term thereof, and filed with the clerk thereof and duly entered of record. The constitutionality of this section of the act was attacked in the bill on the ground that it contravenes section 31 of article 4 of the constitution, which provides that the General Assembly may pass laws permitting the owners of land to construct drains, ditches and levees for agricultural, sanitary or mining purposes across the lands of others; and provides for the organization of drainage districts, and vests the corporate authorities thereof with power to construct and maintain levees, drains and ditches, and keep in repair all drains, ditches and levees heretofore constructed under the laws of this State, by special assessment upon the property benefited thereby, and this constitutional question was the principal question presented upon the former appeal. The particular objection made to section 3 of the act was that commissioners appointed by the circuit court of Randolph county, or by the judge thereof, under the act, are not corporate authorities of the district within the meaning of section 31 of article 4 of the constitution, and we held that this objection was well taken; that by "corporate authorities," as used in section 31 of article 4 of the constitution, must be understood those municipal officers who are either directly elected by the people of the municipality or appointed in some mode to which they have given their assent; that the recital in the preamble of the act is not sufficient to show that the people of the district have given their assent to the appointment of commissioners for the district by the circuit court of Randolph county or by the judge thereof, and that as the act cannot stand with those sections relating to the ap-

pointment and powers and duties of the commissioners eliminated, the entire act is unconstitutional and void.

After the cause had been re-docketed, the circuit court, in compliance with the mandate of this court, overruled the demurrer to the bill, whereupon the defendants obtained leave to answer. The answer attempted to obviate the objection to ordinance No. 1 by averring that no portion of the preliminary assessment was paid for expenses incurred prior to the organization of the district. The circuit court sustained exceptions to this portion of the answer, and by the final decree, from which this appeal has been prosecuted, found that ordinance No. 1 was void and enjoined the defendants from taking any proceedings to levy and collect any assessment under that ordinance. The appellees have not assigned any cross-errors here; but concede that this action of the circuit court was proper.

The answer avers that on February 16, 1914, an ordinance, referred to as ordinance No. 2, was passed by the commissioners, levying an assessment of $165,000 upon the lands of the district; that in pursuance of this ordinance the commissioners made and filed an assessment roll, which was confirmed by the circuit court of Randolph county except as to the lands of the complainants and certain others representing less than 1000 acres, and that it has been stipulated that if in this case final judgment shall be rendered in favor of the defendants, then said second assessment shall be confirmed by the court. With reference to the charge, which was sustained upon the former appeal, that the act contravenes section 31 of article 4 of the constitution, in that it does not provide for the election of the commissioners by the people of the district or for their appointment in some mode to which the people of the district have given their assent, the answer avers that the commissioners were appointed by the express consent of a majority of the legal voters of the said island and a majority of the land owners owning a major portion of the lands upon the island, and

that express consent was given in a petition which they presented to the Forty-eighth General Assembly of Illinois and which was filed with the Secretary of State and which is referred to in the preamble of the act; that said petition was signed by a majority of the legal voters and land owners of the island owning the major portion of lands of the island, including certain of the complainants in the bill; that said legal voters expressly requested the Forty-eighth General Assembly to organize a levee district for them and to include in the said act a provision for the appointment of three commissioners by the circuit court of Randolph county, and that it was pursuant to that request that the provision for the appointment of commissioners by the circuit court of Randolph county, or by the judge thereof in vacation, was inserted in said act. A motion made by the complainants to strike the answer from the files for the reason that the matters contained therein had been adjudicated by this court upon the former appeal was denied. Thereupon the complainants filed exceptions to the answer, those challenging the portion of the answer attempting to obviate the objection to the assessment made under ordinance No. 1 being sustained and the remainder of the exceptions being overruled. The complainants then filed a replication, and the cause proceeded to a hearing before the court upon the bill, answer and replication. The court, by the final decree entered in the cause, found that the commissioners are the lawful corporate authorities of the district; that they were appointed in a manner expressly consented to by a majority of the legal voters of Kaskaskia island and by a majority of the land owners owning a major portion of the lands upon said island, and that such consent was given in the petition presented to the Forty-eighth General Assembly and filed with the Secretary of State; that by said petition the petitioners expressly requested the General Assembly to organize said district for them and to incorporate in said act a provision for the appointment and selection of three

commissioners by the circuit court of Randolph county to carry out the provisions of the act, and that the act therefore does not violate section 31 of article 4 of the constitution. The court, upon this finding, denied the prayer of the bill in so far as it sought an injunction to restrain proceedings to enforce the collection of the special assessment of $165,000 under ordinance No. 2. From that decree this appeal has been prosecuted by the complainants in the bill.

While appellees urge that appellants are barred by *laches* from obtaining the relief sought, it appears from the record now before us that the bill of complaint was filed three days after ordinance No. 2 was passed providing for an assessment of $165,000. This assessment is the only one in controversy upon this appeal, and the mere statement that the bill was filed three days after the ordinance providing for this assessment was passed is a sufficient answer to the contention that appellants are barred by *laches* from maintaining their bill.

The only real controversy between the parties upon this appeal relates to the validity of section 3 of the act creating the Kaskaskia Island Sanitary and Levee District. Upon the hearing the defendants to the bill, who are appellees here, offered in evidence a certified copy of the petition relied upon in their answer to show that the commissioners had been appointed in a mode to which the people of the district had given their assent and that said section 3 was therefore not in conflict with section 31 of article 4 of the constitution. This petition, addressed to the Forty-eighth General Assembly, was in part as follows: "We, the undersigned legal voters residing on the island of Kaskaskia, in the county of Randolph, in the State of Illinois, and land owners owning lands upon said island, do hereby respectfully petition your honorable body to modify or amend an act entitled 'An act to provide for the sale of the Kaskaskia commons, upon the island of Kaskaskia, in the county of Randolph, and to create a permanent school fund for the

inhabitants of said island out of the proceeds of said sale, and to punish any person failing to comply with the provisions thereof,' (in force July 1, 1909,) so as to enable us to use a portion of the income of said funds to aid us in levying said island, and also to include in said legislation, or by separate act, if necessary, the organization of a levy district comprising the lands upon said island, and the selection and appointment of three commissioners, all to be resident land owners of Kaskaskia island, and to provide for their appointment and succession by the circuit court of the said Randolph county, to carry out the provisions thereof for us; and for reasons therefor we would respectfully show to your honorable body," etc. The reasons stated in the petition which follow that portion of the petition above quoted are, in substance, that the annual income from the moneys received from the sale of the Kaskaskia commons, upon the island of Kaskaskia, exceeds the amount required annually for the maintenance of schools by approximately $9000, and that it would be more beneficial to the inhabitants of the island if such excess could be used in constructing levees and protecting the lands of the island from overflow than it would be to use it for school purposes. It appears from the evidence that this petition contained the genuine signatures of a majority of the land owners owning a major portion of the lands on Kaskaskia island, but it further appears that when it was signed the bill which was thereafter passed by the General Assembly organizing the Kaskaskia Sanitary and Levee District, and which, as enacted, appears in the laws of 1913, beginning at page 278, had not been drafted; that when the petition was circulated it had a heading stating that it was a request for the amendment of the School law, permitting the inhabitants of the island to use part of the proceeds from the sale of the Kaskaskia commons to build a levee; that it was explained to those who were asked to sign the petition that such was

its purpose, and that this was one reason why the people of the island signed the petition.

It is evident that the main purpose of the petition was to obtain legislation authorizing the use of a portion of the income from the proceeds of sale of the Kaskaskia commons in the construction of levees to protect the lands of Kaskaskia island from inundation. The organization of a levee district and the appointment of commissioners for such district were mere incidents to the main purpose of the petition. The petition did not request the legislature to organize a drainage district and provide for the appointment of commissioners by the circuit court for the purpose of constructing levees by special assessment upon the lands to be benefited, but the legislature was requested to include in the act authorizing the use of a portion of the income from the proceeds of sale of the Kaskaskia commons in the construction of levees, or by separate act, if necessary, provisions organizing a levee district and providing for the appointment of commissioners by the circuit court of Randolph county to carry out the provisions authorizing the use of a portion of the income from the proceeds of sale of the commons in the construction of levees. The legislature did not modify or amend the act providing for the sale of the Kaskaskia commons, upon the island of Kaskaskia, so as to authorize the use of a portion of the income from the proceeds of sale in the construction of levees, nor did it by any act provide for the use of any portion of such income for such purposes. The legislature could not ignore the main purpose of the petition and treat the petition as a request by the petitioners for the organization of a drainage district by the legislature and for the appointment of the commissioners thereof by the circuit court of Randolph county to raise, by special assessment upon the lands of the island, the money necessary to construct levees to protect the island from overflow. The act in question was not in accordance with the request made by the land owners in

their petition to the legislature, and the petition, therefore, does not obviate the constitutional objection to section 3 of the act pointed out in *Herschbach* v. *Kaskaskia Island Sanitary and Levee District, supra.*

· The decree of the circuit court is reversed and the cause is remanded to that court, with directions to enter a decree as prayed for in the bill of complaint herein.

*Reversed and remanded, with directions.*